PETITION FOR A REHEARING BY
J. J. CRITTENDEN, ESQ.
The counsel for Neal are induced to believe that a more minute examination of this case would have resulted in a different decision, and a re-hearing of the cause is, therefore, respectfully solicited.
Neal was the principal inspector, and Keel an assistant inspector of tobacco, at a Warehouse in Warren county. Neal as the principal kept the books containing the accounts of their inspections and the fees due therefor. Keel died, and his executors filed the bill in this case, for an account of the fees due their testator, for the production of the books &c. A subpœna was served on Neal, and he failing to answer the bill was taken for confessed, and a decree rendered against him, and that decree has been affirmed by this court.
The only question presented in the cause is whether the allegations of the bill warrant the decree? We conceive they do not. That there is no certain or sufficient allegation of the amount of fees to which the testator was entitled, or of the amount collected by Neal and for which alone he could be chargable. What are the allegations of the complainants on these points? They say “that from the statements of their father before his death he was interested in the inspection to the amount of some where about 500 Hogsheads of tobacco,” &c. and upon this, the *165 complainants predicate every other calculation or allegation in their bill as to the amount due their father, and finally conclude by saying they “have no doubt but that it (their father’s claim,) will amount to the said sum of $180 or $200” &c. It is all fairly reducible to this, that their father in his life time told them so, and that they believe him.
Upon such allegations no decree, by default, ought to be rendered, according to the direct authority of the case of Longes vs. Kennedy, 2 Bibb. 607, and the opinion rendered by the New Court in this very cause. Decrees rendered by default are certainly not to be favoured. Here the whole frame of the bill shews that the complainants were ignorant of the state of accounts, and that they expected the true state of those accounts to be ascertained from the books and the answer of Neal. It is rather a bill for discovery and relief than any thing else. Yet they fail to use the means given by law to coerce the answer or production of the hooks, and availing themselves of the defendant’s negligence, prefer taking a decree upon the vague and indefinite, and inconclusive statements of their hill. But if the bill was not fatally defective in not ascertaining the amount of fees to which their father was entitled, it is believed to be totally destitute of any allegation fixing the amount of those fees which had been collected by Neal. This court has inferred their collection from the means or remedy afforded by law for their collection. However just this inference might be in the abstract, it cannnot be indulged in this case, because it is inconsistent with the allegations of the bill, which irresistibly tend to shew that the collections were only in progress, without shewing how much had been collected. The allegations on this point are that they “are advised and believe” that since the death of their testator, Neal “has been proceeding to make collections” &c. &c. and “your orators have reasons to believe and do believe has succeeded in collecting many of said accounts” &c. These allegations clearly exclude the idea that all the accounts were collected, without furnishing any data to ascertain the amount collected or uncollected.
Allegations of the bill—held to charge a minimum sum to be due with sufficient certainty to authorize a decree for it on a bill pro confesso.
Inspection fees, and how collectable.
Dates in the proceedings.
For these reasons, hastily and awkwardly assigned, the counsel for Neal ventures respectfully to question the correctness of the opinion of this court, in affirming the decree rendered upon said bill taken pro confesso, and to request a re-hearing.
Additional Opinion of the Court by
Chief Justice Bibb.
The court have again examined the record, without any pride of opinion; and find that the bill charges, that Jas. Keel and Neal were the inspectors appointed and qualified, and regularly attending the Warehouse; that Keel with Neal did inspect a great quantity of Tobacco at said Warehouse; that Neal kept the books; that the books shew the amount of fees due said Keel; that from the statements of Jas. Keel in his life time, they, said Keel and Neal, were interested to the amount of somewhere about five, hundred hogsheads of Tobacco; “which number your orators believe were inspected by him and said Neal during his continuance in office, and which were estimated at the rate of seventy five cents per hogshead for inspection, which your orators believe and are advised are the fees authorized by law, would amount to about $400, or upwards; between one hundred and eighty or two hundred dollars, of which your orators are entitled for, and on behalf, of their father.” They state that for every one of the hogsheads so inspected, their father for his part, was eniuied to thirty-seven and a half cents; that Neal has collected and appropriated to his use, and is going on to collect those fees, and has refused to account.
The fees are by law established at seventy-five cents per hogshead, and one half thereof was by law due Keel on every hogshead inspected; the fees are by law a lien on the tobacco, to be paid before delivery from the Warehouse; the inspectors are the keepers and deliverers, with power to sell at auction all tobacco remaining in the Warehouse more than a year.
The bill was filed 21st August, 1821, the process was executed on the defendant, Neal, on the 15th October, 1821; the decree was not made, until May *167 term. 1823; during all which time the defendant failed to account or to answer. The decree gave the lowest sum charged by the bill to be due to the complainants.
On a bill for account if the defendant fail to answer, complainant may have attachment or decree for the minimum charged to be due.
Crittenden, for plaintiff; Mayes, for defendant.
We yet think the charges in the hill are sufficiently certain and direct to authorize the decree rendered; that it was not necessary to bring in the defendant upon attachment to answer and account, to entitle the complainant to the lowest amount, charged to be due; that the complainants had a right to elect whether or not they would take a decree for that, or submit to the delay of an attachment for answer and the farther refusal of the defendant to account. If the defendant could not be found upon attachment, or stood out in contempt, must the complainants have no decree upon the bill?
We do not think there is any cause for changing the decree. The petition is overruled.